Stanard, J.
delivered the opinion of the Court.
Without minutely stating all the facts of this case, it suffices for the decision of the question presented by this appeal from the order of the Court below dissolving the injunction that had been awarded the appellant to restrain the trustees in a deed of trust from the execution of it for the purpose of providing the funds to pay an obligation of J. Sf M. Booth to Edwin Matthews for 850 dollars, to state, that the pleadings incontestibly shew that after a series of transactions commencing in August 1837, between Cabaness and Matthews, on Avhich usury at the rate of five per cent, per month was charged, Cabaness was ostensibly indebted to Matthews on those transactions the amount of 1195 dollars, for which he confessed judgment in May 1840. That on *331 the 2d of June 1840, Cabaness obtained the obligation of J. M. Booth to Matthews for 850 dollars, (it being that provided for in the deed of trust,) and delivered it to Matthews, as a payment of 743 dollars 75 cents on said judgment; and afterwards settled the balance of the judgment with Matthews. That the usurious interest charged to Cabaness in the course of these transactions, and which he will pay if he pays the said obligation of the Booths to Matthews, will exceed the amount of that obligation. That the Booths had no notice when they gave their bond to Matthews, of the usurious transactions between him and Cabaness; and their bond is still outstanding in the hands of Matthews, and unpaid.
On this state of facts the question is, was the injunction properly dissolved ? The facts ascertaining that at the time the obligation of the Booths was delivered by Cabaness to Matthews, he had received from Cabaness for usurious interest, more than 743 dollars 75 cents, the amount at which the obligation was valued; if Matthews could be made accountable to Cabaness for these usurious payments, then Cabaness did not owe him any thing, and the obligation as between Cabaness and Matthews, was wholly for usury, and without consideration ; so that so far as Matthews was concerned, it- is not nor could be considered that there should be a dissolution of the injunction. Did the rights of the Booths require that the injunction should be dissolved ? They had paid nothing, and if they were relieved from their obligation to Matthews, they would have no right to proceed on the deed of trust to provide the funds to pay it. The object of enforcing the deed of trust, to provide the means of paying their obligation to Matthews, and the effect of permitting them to do so, is to apply the property of Cabaness to pay a debt to Matthews when Matthews is liable to Cabaness for the usury he would thus receive, and has heretofore received, to a larger *332 amount. If the Booths raise from the trust property of Cabaness 850 dollars, and pay it to Matthews, Matthews by that payment becomes accountable to Cabaness for an eqUjva]entj for which Cabaness would be entitled to a c^ecree gainst Matthews, and if the deed of trust be enforced, the strange spectacle would be exhibited, of a Court of Justice deliberately adjudging, with all the parties before it, and subject to its order, that the Booths shall sell the property of Cabaness to raise money to be paid to Matthews, which as soon as received by Matthews it ought to decree to be paid by him to Cabaness. This circuity would be not merely wanton, it would be a gratuitous mischief, producing advantage to no one. As the parties were before the Court, subject to its order, the plain course was to have retained the injunction, until the amount due from Matthews to Cabaness for the usury should be ascertained. If it exceeded the amount of Booth’s obligation to Matthews, Mattheios should have been decreed to surrender that obligation to the Booths, and crediting that against the amount due on the account between Matthews and Cabaness, should have decreed in favour of Cabaness for the balance. Thus every right and interest of all the parties would have been upheld and protected. Instead of dissolving the injunction, it should, if Matthews endeavoured to enforce the obligation of the Booths, be extended, so as to prevent him from doing so, while this controversy is unsettled.
Decree reversed, and cause remanded to be proceeded in according to the principles above declared.